UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:16-CR-13-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHRISTOPHER JONES, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Christopher Jones's final revocation hearing on six charges of violating conditions of supervised release. *See* DE 96 (Minute Entry). After conducting the hearing, Judge Ingram recommended that the undersigned find Jones guilty of Violations 1-4, dismiss Violations 5 and 6 (on the Government's motion), revoke Jones's supervision, and sentence him to a carceral term of 16 months, "followed by 36 months of supervised release under the same conditions previously imposed." *See* DE 97 at 9 (Recommended Disposition). Judge Ingram informed Defendant of his right to object to the recommendation. *See id.* Defendant waived his right of allocution and confirmed no objection. *See* DE 98-1 (Signed Waiver). The prescribed seven-day objection period has expired, and neither Jones nor the United States objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176

(6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram catalogued the full record and account for all considerations in a fitting and proper way. The Court could not improve on his analysis or judgment. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 97 and **ADJUDGES** Defendant Jones guilty of Violations 1-4;

2. The Court **DISMISSES** Violations 5 and 6, without adjudication, per the Government's motion;

3. The Court **REVOKES** supervision and **SENTENCES** Jones to 16 months' imprisonment, to be followed by 36 months' supervised release under Jones's original terms of supervision captured in DE 62. The Court will enter an appropriate revocation judgment.

This the 4th day of February, 2022.

Signed By:
*Robert E. Wier* REW
United States District Judge