UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:16-CR-00013-REW-HAI-2 |
| v. ) | |
| ) | ORDER |
| CHRISTOPHER JONES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Christopher Jones's final revocation hearing on alleged violation of the conditions of supervised release. *See* DE 141 (Minute Entry); DE 142 (Recommended Disposition). The underlying case centered on a conspiracy to traffic a meth mixture, in an aggravated quantity. *See* DE 62 (Judgment). The instant violation proceedings (not Jones's first) came after Jones failed to report to the Probation Office within 72 hours of his release on December 2, 2022, after he was sentenced to serve sixteen months for his previous supervised release violations. *See* DE 142 at 2. He was arrested over a year later and was initially remanded to the custody of the United States Marshal. *See id*. at 2-3. After his final hearing was continued, the Court released Jones on bond. Just days after his release, Jones admitted meth use. This yielded two more supervised release violation charges: unlawful use of a controlled substance and commission of another federal, state, or local crime (in connection with his meth use). At the final hearing, Jones, after being apprised of his rights, stipulated to the violations.. *See* DE 141 at 2; DE 142 at 9. Judge Ingram recommended that the undersigned find Jones guilty of committing the alleged violations, established by Jones's own admissions. *See* DE 142 at 9. Judge Ingram

1

advised Jones of his right to object to the recommendation. *Id.* at 9-10 The prescribed fourteen-day objection period has passed without any objection from Defendant Jones or the United States. Jones also filed a waiver of his right of allocution. *See* DE 143 (Notice of Filing).

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (brackets removed) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram accounted for all considerations in the record in a fitting and proper way. The Court does not disturb his analysis or judgment, which properly accounted for the revocation history, the underlying judgment, and the occurrence of violations 2 & 3 on bond for violation 1. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 142 and **ADJUDGES** Defendant Jones guilty of the violations;

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Jones to 12 months' imprisonment, followed by 24 months of supervised release. Jones's supervised release term will begin with mandatory inpatient treatment. The duration and placement are at

the discretion of the Probation Office, upon appropriate screening. Jones shall follow all program rules and requirements.

A judgment will follow.

This the 14th day of March, 2024.

Signed By:
Robert E. Wier  *REW*
United States District Judge